United States District Court
Southern District of Texas

**ENTERED**

July 18, 2019

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MR. PROPERTIES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-0062 |
| | § | |
| AMCAP MORTGAGE LTD., et al., | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM AND RECOMMENDATION**</u>

Pending before the court[1] is Defendants Specialized Loan Servicing, LLC ("SLS") and FV-I, Inc. ("FV-I") in trust for Morgan Stanley Mortgage Capital Holdings, LLC's ("Morgan Stanley") (collectively, the "Defendants") Motion to Dismiss (Doc. 5). The court has considered the motion, the response, the reply, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motion be **GRANTED**.

## I.  Case Background

This case arises out of Mr. Properties' ("Plaintiff") allegation that Defendants and AMCAP Mortgage, Ltd., ("AMCAP") improperly foreclosed on Plaintiff's property located at 18814 Cove Vista Lane, Cypress, Harris County, Texas 77433 (the "Property").[2]

---

[1]    This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. <u>See</u> Doc. 10, Ord. Dated Mar. 7, 2019.

[2]    <u>See</u> Doc. 4-1, Ex. 1 to Pl.'s Pet., Appl. for TRO and Temporary Inj. and Req. for Disclosures.

This action is the fifth lawsuit related to the foreclosure of the loan secured by the Property.   On January 22, 2010, Parrish Witherspoon ("Mr. Witherspoon") and Deborah Witherspoon ("Mrs. Witherspoon")[3] (collectively, the "Witherspoons") executed a promissory note in the amount of $565,715 (the "Note") and a deed of trust (the "Deed of Trust") in favor of AMCAP.[45]   On April 17, 2015, AMCAP sold the Note and the Deed of Trust to FV-I in trust for Morgan Stanley and its successors.   SLS was the loan servicer of the Note on behalf of Morgan Stanley.

## A.   **First Lawsuit**

On May 27, 2015, the Witherspoons, as pro ses, filed a lawsuit (the "First Lawsuit") in the 164th Judicial District Court of Harris County, Texas.[6]   The Witherspoons alleged that AMCAP and FV-I committed slander of title and improperly attempted to foreclose on the Property.[7]   The court rendered judgment for AMCAP and FV-I.[8] The foreclosure sale of the Property was subsequently scheduled for

---

[3]      In prior lawsuits and certain relevant documents, Mrs. Witherspoon is referred to as "Deborah Nevarez."  The court assumes that at some point prior to the filing of the present lawsuit, Deborah Nevarez changed her last name.  The court will refer to Deborah Witherspoon as "Mrs. Witherspoon" throughout this opinion rather than delineate between "Nevarez" and "Witherspoon."

[4]      See Doc. 5-3, Ex. 3 to Defs.' Mot. to Dismiss, Note.

[5]      See Doc. 5-4, Ex. 4 to Defs.' Mot. to Dismiss, Deed of Trust.

[6]      See Doc. 5-8, Ex. 8 to Defs.' Mot. to Dismiss, Pl.'s Original Pet., Mot. for TRO and Appl. for Temporary Inj. and Req. for Disclosures.

[7]      See id.

[8]      See Doc. 5-9, Ex. 9 to Defs.' Mot. to Dismiss, Order on Mot. for Summ. J.

July 4, 2017.[9]

## B.    **Second Lawsuit**

Four days before the scheduled foreclosure of the Property, Mr. Witherspoon commenced another action against AMCAP and FV-I (the "Second Lawsuit").[10]  Mr. Witherspoon alleged that AMCAP and FV-I improperly foreclosed on the Property.[11]  Specifically, Mr. Witherspoon alleged that AMCAP and FV-I lacked the authority to enforce the Note, improperly assigned The Note, failed to provide notice of the sale of the Note to a new party, and violated the Truth in Lending Act ("TILA").[12]

## C.    **Third Lawsuit**

After Mr. Witherspoon was unable to obtain an immediate and ex parte temporary restraining order, Mrs. Witherspoon filed a third lawsuit (the "Third Lawsuit") against SLS, the loan servicer of the Note on behalf of Morgan Stanley, and Capital Holdings, LLC ("Capital Holdings").[13]

The court consolidated the Second and Third Lawsuits.[14]  In the

---

[9]    See Doc. 5-11, Ex. 11 to Defs.' Mot. to Dismiss, Pl.'s First Am. Pet. ¶ 12

[10]    See id.

[11]    See id. pp. 3-4.

[12]    See id.

[13]    See Doc. 5-12, Ex. 12 to Defs.' Mot. to Dismiss, Pl.'s Original Pet. and Appl. for TRO, Temporary Inj., and Permanent Inj.

[14]    See Doc. 13, Order Consolidating Cases.

consolidated lawsuit (the "Consolidated Lawsuit"), the court ordered the Witherspoons to file an amended complaint by December 26, 2017.[15]  The Witherspoons failed to file an amended complaint, and the defendants, SLS, AMCAP, Morgan Stanley, and Capital Holdings, moved to dismiss the Consolidated Lawsuit.[16]  On April 11, 2018, the court granted the defendants' dismissal.[17]  The Property was rescheduled for foreclosure on May 1, 2018.[18]

## D.   **Fourth Lawsuit**

On April 30, 2018, the Witherspoons filed a fourth lawsuit in another attempt to stop the foreclosure on and eviction from the Property (the "Fourth Lawsuit").[19]  On July, 2, 2018, the Witherspoons sold the Property to Plaintiff.[20]   After the change in the Property's ownership, Mr. Properties was substituted for Mrs. Witherspoon in the Fourth Lawsuit.  Repeating the same claims, the Witherspoons and Plaintiff again alleged a break in the chain of title from the original lender to the current note holder, or, in the alternative, an improper acceleration of the loan.   The

---

[15]   See id.

[16]   See id. pp. 1-2.

[17]   See id. p. 8.

[18]   See Doc. 5-15, Ex. 15 to Defs.' Mot. to Dismiss, Pl.'s Original Pet., Appl. for TRO and Temporary Inj., and Req. for Disclosures ¶ 21.

[19]   See Doc. 5-16, Ex. 16 to Defs.' Mot. to Dismiss, Pl.'s Am. Original Pet.

[20]   See Doc. 5-18, Ex. 18 to Defs.' Mot. to Dismiss, General Warranty Deed.

4

Witherspoons sought to quiet title, a declaratory judgment, and injunctive relief prohibiting defendants from foreclosing or taking possession of the Property.[21]  The court dismissed the fourth lawsuit on September 21, 2018.[22]

**E.    The Present Lawsuit**

Plaintiff filed the present lawsuit in another attempt to prohibit the foreclosure of the Property.[23]  Defendants quickly removed the action to this court and filed a motion to dismiss the lawsuit.[24] Other than replacing the Witherspoons as the plaintiffs, Plaintiff made no substantive changes to the claims asserted in the prior lawsuits or to the underlying factual basis.[25]  The essential allegation of the present lawsuit is that Defendant has no right to foreclose on Plaintiff's Property.[26]

On January 23, 2019, Defendants moved to dismiss the present lawsuit, asserting that Plaintiff's claims are barred by res judicata and collateral estoppel.[27]

---

[21]    See id. pp. 3-5.

[22]    See Doc. 5-17, Ex. 17 to Defs.' Mot. to Dismiss, Order Adopting Magistrate Judge's Mem. and Recommendation.

[23]    See Doc. 4-1, Pl.'s Pet., Appl. for TRO and Temporary Inj. and Req. for Disclosures.

[24]    See Doc. 5, Defs.' Mot. to Dismiss.

[25]    See Doc. 4-1, Pl.'s Pet., Appl. for TRO and Temporary Inj. and Req. for Disclosures.

[26]    See id.

[27]    See Doc. 5, Defs.' Mot. To Dismiss. p. 3.

In its response, Plaintiff contends that it has "standing to challenge that the chain of title to the loan is broken and that [im]proper notice of the foreclosure took place" and that "Defendants have failed to offer sufficient evidence of an unbroken chain of title since they fail to inform the Court of the identity of the party for whom [Mortgage Electronic Registration Systems Inc.] was the acting 'nominee'."[28]  Plaintiff did not address either of Defendants' substantive arguments in its response to Defendants' motion to dismiss.[29]

## II.  Dismissal Standard

Pursuant to Rule 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Sullivan v. Leor Energy, LLC, 600 F.3d 542, 546 (5th Cir. 2010).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[28]    See Doc. 6, Pl.'s Resp. to Defs.' Mot. to Dismiss.

[29]    See id.

Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 556 U.S. at 678.

Rule 12(b)(6) provides a basis for evaluating a motion to dismiss when the pleadings themselves indicate that the action is barred by res judicata.  <u>Dean v. Miss. Bd. of Bar Admissions</u>, 394 F. App'x 172 (5th Cir. 2010)(unpublished)(citing <u>Kansas Reinsurance Co. v. Cong. Mortg. Corp. of Tex.</u>, 20 F.3d 1362, 1366 (5th Cir. 1994))(explaining that dismissal under Rule 12 on res judicata grounds is allowed when all of the elements of the defense are apparent on the face of the pleadings).

### III. Analysis

Defendants argue that this action is Plaintiff's fifth attempt to litigate the same claims and issues and, therefore, res judicata and collateral estoppel preclude its lawsuit.  As stated above, Plaintiff did not respond to Defendants' arguments, but instead argues that it stated a claim.

### A.   <u>Res Judicata</u>

Ensuring the finality of judicial decisions, the doctrine of

res judicata holds that, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Phillips v. Home Path Fin., L.P., 676 F. App'x 358, 359 (5th Cir. 2017) (unpublished) (citing Oreck Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401 (5th Cir. 2009). When determining the effect of a state judgment, "federal courts apply the res judicata law of that state." Bodle v. TXL Mort. Corp., 788 F.3d 159, 165 (5th Cir. 2015) (citing Shimon v. Sewerage & Water Bd. Of New Orleans, 565 F.3d 195, 199 (5th Cir. 2009)).

Whether res judicata applies is a question of law. Test Masters Educ. Servs. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005). Res judicata precludes a later action when there is: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." Johnson-Williams v. CitiMortgage, Inc., 750 F. App'x 301, 304 (5th Cir. 2018) (unpublished) (citing Citizens Ins. Co. of Am. v. Daccach, 217 S.W.3d 430, 449 (Tex. 2007); Travelers Ins. Co. v. Joachim, 315 S.W.3d 860 (Tex. 2010).

In addition to these elements, Texas courts have set forth a transactional test to determine if a party's subsequent lawsuit "arises out of the same subject matter" or transaction as a prior

lawsuit.  Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav., 837 S.W.2d 627, 630 (Tex. 1992).  Courts utilize this approach to determine the scope of the subject matter in the prior lawsuit. Citizens Ins. Co. of Am., 217 S.W.3d at 449. Specifically, they analyze the "factual matters that make up the gist of the complaint, without regard to the form of the action." Id. (citing Barr, 837 S.W.2d at 630).  Additionally, the Texas Supreme Court has adopted the Restatement (Second) of Judgments, which suggests that considerations for a court to determine whether facts constitute a single "transaction" are their "relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes." See Getty Oil v. Ins. Co. of N. Am., 845 S.W.2d 794, 799 (Tex. 1992) (holding that the plaintiff's claim was barred by res judicata because it arose from the same accident and contract that was previously adjudicated).

### 1.   Prior Final Judgments

The first element of res judicata is met because the 164th Judicial District of Texas and this court are courts of competent jurisdiction that have previously issued final judgments on the merits.

### 2.   The Parties

The second element is satisfied because several of the parties to the present lawsuit, including Plaintiff, are identical to the parties of the prior lawsuits, and others are in privity with each

other.   For example, the court ruled in the Fourth Lawsuit that Morgan Stanley and SLS are undoubtedly in privity for res judicata purposes.[30]   Though the Witherspoons were parties to the prior lawsuits and are not expressly named in this present lawsuit, they are in privity with Mr. Properties, which is bound by res judicata. See Benson v. Wanda Petroleum, 468 S.W.2d 361, 363 (Tex. 1971) (citing Kirby Lumber Corp. v. S. Lumber Co., 196 S.W.2d 387, 388 (Tex. 1946)) (defining privity as meaning the "mutual or successive relationship to the same rights of property").   Further, Defendants have each been named in the prior lawsuits.

### 3.   Similarity of Claims

In Johnson-Williams, the court held that the litigation at issue was "simply an echo" of the borrower's previous claims because it involved "the same property, the same documents, and the same foreclosure."   Johnson-Williams, 750 F. App'x at 305.   Here, the litigation similarly involves the Property, the same documents, and the same foreclosure.   Indeed, the present lawsuit is based on the exact same claims that were raised in Plaintiff's prior lawsuits.

Plaintiff's allegation of a break in the lien in the present lawsuit is almost identical to the claim in the Third Lawsuit that defendant "is not the actual holder of a properly perfected

---

[30]   See Doc. 5-17, Ex. 17 to Defs.' Mot. to Dismiss, Mem. and Recommendation.

security instrument."[31]   The court issued final judgment on the merits of this claim, and thus it must be barred.   Furthermore, Plaintiff repeated its claim that Defendants failed to provide notice of acceleration.[32]   This claim is nearly identical to the claim in the Third Lawsuit that Mrs. Witherspoon did not receive "proper notice of acceleration as to [the Note]."[33]

Accordingly, the third res judicata element is satisfied.

### 4.   Transactional Test

The present lawsuit arises directly out of the same subject matter as the prior lawsuits.  As stated above, Plaintiff's claims are nearly identical to the prior claims. Each claim in the present lawsuit is related to a previously adjudicated claim.   Though the owner of the Property recently changed, the property at issue has not changed.   Accordingly, the transactional test supports a finding that Plaintiff's claims are barred by res judicata.

All of the elements of res judicata and the transactional test are met.   Therefore, Defendants SLS and FV-I's motion should be **GRANTED**.  Because Plaintiff's claims are barred under res judicata, this court will not analyze Defendants' collateral estoppel defense.

---

[31]   <u>See</u> Doc. 5-12, Ex. 12 to Defs.' Mot. to Dismiss, Pl.'s Original Pet. and Appl. for TRO, Temporary Inj., and Permanent Inj. (Injunctive Relief) ¶ 17.

[32]   <u>See</u> Doc. 4-1, Ex. 1 to Pl.'s Pet., Appl. for TRO and Temporary Inj. and Req. for Disclosures ¶ 2.

[33]   <u>See</u> Doc. 5-12, Ex. 12 to Defs.' Mot. to Dismiss, Pl.'s Original Pet. and Appl. for TRO, Temporary Inj., and Permanent Inj.  ¶ 15.

11

Lastly, Plaintiff filed this lawsuit on November 30, 2018, and the record does not reflect that AMCAP or any other parties have been served.  Rule 4 states that, "[i]f a defendant is not served within [ninety] days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice."  Fed. R. Civ. P. 4(m).  Defendants have moved that AMCAP be dismissed on these grounds.[34]  Accordingly, Plaintiff's claims against all parties should be **DISMISSED.**

### IV.   Conclusion

Based on the foregoing, the court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 18<u>th</u> day of July, 2019.

---

[34]     See Doc. 5, Defs.' Mot. to Dismiss p. 1.

Nancy K. Johnson
United States Magistrate Judge